**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Blue Bell Holdings, LLC, Appellant,

v.

Gary C. Johnson, Stephen D. Halpern, Holly A. Angel, Holly Ann, LLC, Belmont Properties, LLC, Shoreline Funding, LLC and Orange Capital, LLC (Nevis), Respondents.

Appellate Case No. 2023-000411

Appeal From Beaufort County
Marvin H. Dukes, III, Circuit Court Judge

Unpublished Opinion No. 2026-UP-059
Submitted November 3, 2025 – Filed February 11, 2026

**REVERSED AND REMANDED**

James Ashley Twombley and Thomas Blasé Iandoli, both of Twenge & Twombley, LLC, of Beaufort; and Thornwell F. Sowell, III and Bess Jones Durant, both of Sowell & DuRant, LLC, of Columbia, all for Appellant.

Gary C. Johnson, pro se.[1]

---

[1] The other respondents listed above have not participated in this appeal.

**PER CURIAM:**  This appeal poses a question of law: whether a plaintiff suing a defendant for money damages is barred from seeking an injunction freezing the defendant's assets while the case is pending.  A plaintiff may not ordinarily restrain a defendant's assets in this way, but many jurisdictions recognize the commonsense reality that when there is good reason to believe there will be no assets available to satisfy a future judgement because the defendant is dissipating or concealing assets, there is no adequate remedy at law and a preliminary injunction is appropriate.  We agree with this reasoning, and we accordingly reverse the order dissolving a temporary restraining order and declining to issue a preliminary injunction.  This case is remanded for evaluation under this legal framework.  The circuit court is, of course, free to conduct a new hearing if it believes one will be helpful, consider the existing record, and consider any subsequent developments it deems relevant to its decision.

A claim for an injunction sounds in equity.  *Grosshuesch v. Cramer*, 367 S.C. 1, 4, 623 S.E.2d 833, 834 (2005).  To secure an injunction, the requesting party must demonstrate that irreparable harm will occur without the injunction, a likelihood of success on the merits, and the lack of an adequate remedy at law.  *Id.*

Many jurisdictions recognize that a claim for damages, which is a remedy at law, can be inadequate in practice even though it is available on paper.  The Fourth Circuit, applying Maryland law, recognized:

> [W]hen [a] plaintiff creditor asserts a cognizable claim to specific assets of the defendant or seeks a remedy involving those assets, a court may in the interim invoke equity to preserve the *status quo* pending judgment where the legal remedy might prove inadequate and the preliminary relief furthers the court's ability to grant the final relief requested.

*United States ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489, 496 (4th Cir. 1999).  The Third Circuit, interpreting a federal statute giving the court the power to award equitable relief, similarly explained the district court's refusal to grant an injunction failed to recognize that a defendant dissipating assets "can render money damages inadequate, thereby necessitating equitable relief, especially when the dissipation will clearly result in the debtor's inability ultimately to make payment." *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 139 (3d. Cir. 2000).

The First Circuit reached the same conclusion applying Massachusetts law. *Pineda v. Skinner Servs., Inc.*, 22 F.4th 47, 56 (1st Cir. 2021) (stating that although the "possibility that a defendant may not have assets" when a judgment is entered will not automatically show irreparable injury, it is different when "there is a strong indication that the defendant may dissipate or conceal assets" (quoting *Micro Signal Rsch., Inc. v. Otus*, 417 F.3d 28, 31 (1st Cir. 2005)). And, in a case nearly identical to this one, the Texas Court of Appeals affirmed an asset freezing injunction, recognizing the pursuit of monetary damages was an inadequate remedy when the defendant used allegedly fraudulent real estate transactions to insulate itself from a future judgment. *See Kalkan v. Salamanca*, 672 S.W.3d 725, 731 (Tex. Ct. App. 2023). There, the plaintiff established "if the assets were not frozen, there [was] a likelihood that there would not be enough money available to cover any potential damage awards arising from the underlying actions." *Id.* (agreeing with the trial court's finding that "without the temporary injunction, [the defendants] would continue their practice of transferring assets[,] essentially rendering [themselves] judgment-proof").

These decisions trace a clear and widely recognized principle: a plaintiff should not be forced to await a hollow judgment if the defendant is engaged in behavior designed to thwart the pursuit of a lawful claim for damages. Thus, pursuing a claim for monetary damages does not preclude a litigant from seeking an asset freezing injunction when there is a compelling reason to believe the defendant is seeking to undermine the judicial process by dissipating or concealing assets.

This principle is fully consistent with our precedent. In *Grosshuesch*, our supreme court reversed the denial of a preliminary injunction because the case "involve[d] the quintessential hallmark of an injunction: preservation of the property at issue until the matter has been adjudicated." 367 S.C. at 5–6, 623 S.E.2d at 835. This purpose is plainly served when an injunction is granted to prevent a litigant from concealing assets to avoid a future judgment. *See id.* (finding an injunction was appropriate when the defendants transferred $1.4 million to an unknown location); *see also Welch v. Advance Auto Parts, Inc.*, 445 S.C. 640, 659, 916 S.E.2d 320, 330 (2025) (recognizing drastic equitable remedies are warranted "where a defendant's conduct demonstrates it is fraudulently concealing or disposing of assets that may be responsive to a later judgment"); *Columbia Broad. Sys., Inc. v. Custom Recording Co.*, 258 S.C. 465, 471, 189 S.E.2d 305, 308 (1972) (finding an injunction is appropriate when the relief requested "consists in restraining the commission or continuance of some act the commission or continuance of which, during the litigation would produce injury to the plaintiff" (citation omitted)); *Seabrook v. Carolina Power & Light Co.*, 159 S.C. 1, 4, 156 S.E. 1, 3 (1930) ("For if in this case

the injunction should be dissolved, there would be nothing to prevent the issue of bonds before the case could be heard on its merits, and if the bonds passed into the hands of innocent holders without notice, as they might and probably would do, then the controversy would become absolutely useless."). *Scratch Golf*, a leading case for denying an injunction, is distinguishable because of the lack of evidence that the defendant in that case was attempting to thwart the plaintiff's ability to collect a judgment. *See Scratch Golf Co. v. Dunes W. Residential Golf Props., Inc.*, 361 S.C. 117, 603 S.E.2d 905 (2004) (declining to issue an injunction because the remedy of attachment was available).

Respondent Johnson seems to admit that Blue Bell's lawsuit prompted him to transfer his assets to other entities with the understanding that those transfers could insulate him from future judgments. He claims these transfers were for legitimate business purposes. Blue Bell disputes this. We express no view on the merits of the requested injunctive relief, but we respectfully disagree with the reasoning in the circuit court's order finding Blue Bell's claim for monetary damages precluded it from pursuing an asset freezing injunction.

**REVERSED AND REMANDED.**[2]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.